Larry C. Hunter, ISB No. 1989
MOFFATT, THOMAS, BARRETT, ROCK &
    FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho 83701
Telephone (208) 345-2000
Facsimile (208) 385-5384
lch@moffatt.com

Christopher J. Bannon
ARONBERG, GOLDGEHN, DAVIS & GARMISA
330 North Wabash Avenue, Suite 3000
Chicago, IL 60611
Telephone (312)828-9600
Facsimile (312) 222-6375
cbannon@agdglaw.com

Attorneys for Plaintiff St. Paul Fire & Marine
Insurance Company

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>vs.<br><br>HOLLAND REALTY, INC.,<br><br>               Defendant. | Civil No. 1:07-CV-00390-EJL<br><br>**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff St. Paul Fire & Marine Insurance Company ("St. Paul"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7.1 of Civil Practice before the United States District Court for the District of Idaho, respectfully requests that this Court grant summary

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1**

judgment in its favor on its Complaint for Declaratory Judgment. In support of this Motion, St. Paul states as follows:

1. St. Paul has no duty to defend or indemnify Defendant Holland Realty, Inc. ("Holland") against a lawsuit filed by Curtis and Gwendolyn Blough (the "Bloughs") because the allegations contained in the underlying complaint do not fall within the coverage of the Real Estate Professional Services Liability Protection Policy issued to Holland under Policy No. GL00647251, effective July 19, 2005 through July 19, 2006 (the "Policy").

2. The Bloughs became plaintiffs in a lawsuit in the United States District Court for the District of Idaho entitled *Robert Bafus and Renae Bafus, Individually and as members and Representatives of a Class of Similarly Situated Persons v. Aspen Realty, Inc. d/b/a Coldwell Banker-Aspen Realty, et al.*, Case Number 04-121-C-BLW (the "Bafus Case"). In that action, the Bloughs filed a Second Amended Complaint (the "Bafus Second Amended Complaint"), through which Holland was named as a defendant in the Bafus Case.

3. Following the severance of the Bloughs' claims from the Bafus case, the Bloughs prosecuted their claims against Holland in Case Number 06-59-S-BLW, titled *Curtis and Gwendolyn Blough v. Holland Realty, Inc., et al* (the "Blough Case"). The Bafus Case and the Blough Case are collectively referred to as the "Blough Litigation."

4. In the Blough Litigation, the Bloughs seek the return of a commission that Holland collected when the Bloughs purchased a lot on which they built a house. They claim that Holland improperly charged the commission on the cost of both the lot and the home to be built, rather than on the lot alone. The Bloughs assert causes of action for violations of §1 of the Sherman Antitrust Act (Count I), the Idaho Competition Act, I.C. §48-101, *et seq.* (Count II), and the Idaho Consumer Protection Act, I.C. §48-601, *et seq.* (Count III).

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2**

5. Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment should be entered in favor of St. Paul on all counts of its Complaint for Declaratory Judgment because the pleadings, discovery and admissions on file show that there is no genuine issue of material fact and that St. Paul is entitled to a judgment as a matter of law.

6. Specifically, St. Paul does not owe a duty to defend Holland because the Bloughs allege claims for violations of antitrust and restraint of trade laws, and the Policy does not cover loss that results from actual or alleged violations of such laws. Moreover, all loss alleged in the Blough Litigation results from Holland's fees, commissions or other charges for its services, and the Policy does not afford coverage for such loss.

7. Because St. Paul does not owe any duty to defend Holland in the Blough Litigation, it does not owe a duty to indemnify Holland for any resulting settlement or judgment in that suit.

8. In addition, because St. Paul does not owe any duty to defend Holland in the Blough Litigation, St. Paul is entitled to reimbursement from Holland for all amounts that St. Paul has paid on behalf of Holland for the defense of the Blough Litigation.

9. In further support of its Motion for Summary Judgment, St. Paul submits its separate Rule 56.1(A)(3) Statement of Uncontested Material Facts, its Memorandum of Law in Support of its Motion for Summary Judgment, the Affidavit of Cindy H. Schultz and attached exhibit, and the Affidavit of Christopher J. Bannon and attached exhibits. Each of these is incorporated by reference herein in further support of St. Paul's Motion for Summary Judgment.

WHEREFORE, St. Paul respectfully requests that this Court grant the following relief:

A. Grant summary judgment in favor of St. Paul and against Holland on all counts of St. Paul's Complaint for Declaratory Judgment;

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3**

B.  Enter a declaratory judgment finding and declaring that St. Paul has no duty to defend Holland for the Blough Litigation;

C.  Enter a declaratory judgment finding and declaring that St. Paul has no duty to indemnify Holland for any resulting settlement or judgment in the Blough Litigation;

D.  Enter a declaratory judgment finding and declaring that St. Paul is entitled to reimbursement from Holland for any and all amounts St. Paul has paid, or will pay, in the defense of the Blough Litigation.

E.  Grant such other and further relief as this Court deems just and appropriate.

DATED this 16th day of November, 2007.

ARONBERG, GOLDGEHN, DAVIS & GARMISA

MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED

By_____
Larry C. Hunter – Of the Firm
Attorneys for Plaintiff St. Paul Fire & Marine Insurance Company

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4**

BOI_MT2:670267.1

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 16th day of November, 2007, I caused a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

Jeffrey A. Thomson
ELAM & BURKE, P.A.
251 E. Front St., Suite 300
P. O. Box 1539
Boise, Idaho  83701
Facsimile  (208)384-5844

_____
Larry C. Hunter

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5**

BOI_MT2:670267.1