IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, | ) ) ) | CASE NO. CV 07-390-S-EJL-MHW |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **MEMORANDUM DECISION AND** |
| HOLLAND REALTY, INC. | ) ) ) | **ORDER** |
| Defendant. | ) ) | |

**I.**
**Introduction**

On September 17, 2007, Plaintiff St. Paul Fire & Marine Insurance Company ("St. Paul") filed a complaint for declaratory judgment against Defendant Holland Realty, Inc. ("Holland"). Compl., Docket No. 1. St. Paul has filed a motion for summary judgment and argues that it has no duty to defend or indemnify Holland against a lawsuit filed by Curtis and Gwendolyn Blough (the "Bloughs") on February 28, 2006. Pl.'s Motion for Summary Judgment, at 1-2, Docket No 11. Holland has filed a response to the motion for summary judgment and has also separately moved for a Rule 56(f) continuance to allow for discovery in order to present facts Holland contends are essential to respond to St. Paul's motion for summary judgment. Response to

**Memorandum Decision and Order- Page 1**

Plaintiff's Motion for Summary Judgment, Docket No. 15; Def.'s Rule 56(f) Mot., at 1, Docket No. 13.

## II.
## Background

In August of 2005, Holland was named as a defendant in a class action suit entitled *Robert Bafus and Renae Bafus, Individually and as members and Representatives of a Class of Similarly Situated Persons v. Aspen Realty, Inc., d/b/a Coldwell Banker-Aspen realty, et al.*, Case Number 04-121-C-BLW.  The complaint against Holland alleged violations of the Sherman Act and the Idaho Competition Act.  That complaint was amended to include violations of the Real Estate Settlement Procedures Act (RESPA) and the Idaho Consumer Protection Act (ICPA).   Judge Winmill then severed the Bloughs and Holland from that case and dismissed the Bloughs' RESPA claims.  The Bloughs filed an amended complaint ("Blough Amended Complaint") against Holland alleging violations of the Sherman Act, the Idaho Competition Act, and the ICPA.  This underlying litigation will be collectively referred to as the Blough Litigation.

In a reservation of rights letter dated September 23, 2005, St. Paul agreed to pay for Holland's defense in the Blough Litigation.  Schultz Aff., at 13, Docket No. 11-4.  On November 30, 2007, Judge Winmill granted Holland's motion for summary judgment and dismissed all causes of action in the Blough Litigation except for the alleged violation of the ICPA.  *Curtis and Gwendolyn Blough, v. Holland Realty, Inc*., Case No. CV-06-059-S-BLW (D. Idaho Nov. 30, 2007) (Memorandum Decision and Order).

St. Paul acknowledges issuing a Real Estate Professional Services Liability Protection Policy ("Policy") to Holland.  It argues, however, that it has no duty to defend or indemnify

**Memorandum Decision and Order- Page 2**

Holland in the Blough Litigation because the Blough Amended Complaint is limited to allegations of antitrust violations and improperly charged commissions that are excluded from the Policy. It also argues that its defense of Holland in the Blough Litigation to date is subject to a reservation of rights agreement.

Holland argues that it has made a timely Rule 56(f) request for a continuance and asserts that it has not yet had the opportunity to conduct discovery. In essence, Holland argues that it has not had sufficient time to conduct discovery that goes to the heart of the dispute between the parties, including: (1) the nature of the damages sought by the plaintiffs in the underlying litigation; (2) information from St. Paul about the internal decision making process that St. Paul went through when it decided to modify the policy exclusion that St. Paul argues relieves them from responsibility to defend or indemnify Holland; and (3) the interpretation and meaning of the wording contained in the reservation of rights letter. It should be noted that the language that modifies the policy exclusion was completed prior to the policy being issued to Holland.

### III.
### Sufficient Time for Discovery Analysis

Rule 56(f) of the Federal Rules of Civil Procedure provides litigants the opportunity to avoid summary judgment when they have not had sufficient time to develop affirmative evidence. *Burlington Northern & Santa Fe Ry. Co. v. The Assiniboine*, 323 F.3d 767, 773 (9th Cir. 2003). Although district courts have wide latitude controlling discovery, Rule 56(f) motions should be granted freely when a motion for summary judgment is filed before the opposing party has had any realistic opportunity to pursue discovery relating to the theory of its case. *Id*. Also, where no discovery has taken place "the party making a Rule 56(f) motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful

**Memorandum Decision and Order- Page 3**

information, as the ground for such specificity has not yet been laid." *Id*. at 774.  However, a district court does not abuse its discretion by denying a Rule 56(f) motion where the proposed discovery would be futile. *Id*.

Holland argues that it has been prohibited from conducting any discovery concerning this action because the parties have not even reached the stage where initial disclosure would be required.  Dist. Idaho Loc. Civ. R. 26.2.  St. Paul counters that delaying the case to allow Holland to conduct discovery would be futile because the information sought by Holland is not essential to its opposition and thus irrelevant to the Court's analysis of its motion for summary judgment. Consequently, the Court will discuss the areas of inquiry that Holland has identified in its Rule 56(f) motion to determine whether the resulting discovery would be futile.

In conducting this inquiry, a district court should bear in mind that a Rule 56(f) motion for a continuance should be granted "upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment." *State v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1994).  To succeed, the movant must show: (1) that it has set forth in affidavit form the specific facts that it hopes to elicit from further discovery; (2) that the facts sought exist; and (3) that these sought-after facts are essential to resist the summary judgment motion. *Id.*

A.     **Affidavits.**

Rule 56(f) requires that the movant submit affidavits that set forth the particular facts expected from further discovery.  Holland has submitted an affidavit, signed by its attorney, requesting discovery concerning three specific matters.  *See* Parks Aff., at 2, Docket No. 13-3. Holland wants to conduct discovery concerning how the damages sought by the Bloughs,

**Memorandum Decision and Order**- **Page 4**

especially the phrase "damages to be established at trial" in the Blough Amended Complaint, impact St. Paul's duty to defend Holland. It also seeks discovery concerning whether the exclusion that does not require St. Paul to defend an action when a violation of anti-trust laws is asserted applies to St. Paul's duty to defend the Bloughs' ICPA claims. Because Holland believes the exclusion's coverage was broadened when it was modified to omit reference to consumer protection laws, it seeks to gain insight into how policy drafters at St. Paul came to modify this language. As noted earlier, this language was modified before the policy was issued to Holland. Finally, Holland seeks discovery to determine whether St. Paul's reservation of rights letter clearly places Holland on notice that it was providing a defense to Holland in the Blough litigation subject to a reservation of rights. In other words, if there was no duty to defend then St. Paul would be entitled to reimbursement of its defense costs. Because these matters were submitted in affidavit form, the Court finds that Holland has met the first requirement under its Rule 56(f) motion for continuance.

### B.     Existence of Facts Sought.

The Ninth Circuit has held that "[d]enial of a Rule 56(f) application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation." *Campbell*, 138 F.3d at 779-80 (quoting *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991)). Holland argues that it is reasonable in believing that the Bloughs have a theory concerning how they are entitled to damages, and what damages are compensable. Mem. Supp. Def.'s Rule 56(f) Mot., at 12, Docket No. 13-2. It also contends that it is reasonable in believing that St. Paul may have some internal information concerning the scope of the violation of anti-trust exclusion and how it drafted the reservation of rights letter in the form that it did. *Id*. at 12-

13.

Holland's contentions seem reasonable, and this Court holds that they are not based on nonexistent evidence or pure speculation. The Bloughs have probably developed their theory of recovery in this case and St. Paul drafted both the violation of anti-trust exclusion and the reservation of rights letter. In fact, St. Paul did not even address this requirement in its response to Holland's motion. *See* Pl.'s Resp. Def.'s Rule 56(f) Mot., Docket No. 18. Thus, the Court finds that Holland has met this Rule 56(f) requirement as well.

### C. **Relevancy of Facts Sought.**

The party seeking a Rule 56(f) continuance "must show that it lacks the 'facts essential' to resist the summary judgment motion." *Campbell*, 138 F.3d at 780 (quoting *McCormick v. Fund American Cos., Inc.*, 26 F.3d 869, 885 (9th Cir. 1994)). Thus, a movant does not satisfy the Rule 56(f) requirements where the additional evidence is not relevant to oppose the motion for summary judgment. *Id*. Holland contends that discovery is necessary in the following areas to resist St. Paul's motion for summary judgment:

(1) Unspecified damages in Blough Amended Complaint.

Holland seeks a continuance for discovery concerning possible unspecified damages by the Bloughs that would trigger St. Paul's duty to defend. It specifically references the phrase "damages to be established at trial" in the Blough Amended Complaint. Holland's primary argument is that the nature of the damages sought is unclear and, therefore, raises the potential for coverage.

The Idaho Supreme Court has held that "[t]he duty to defend arises upon the filing of a complaint whose *allegations*, in whole or in part, read broadly, reveal a potential for liability that

**Memorandum Decision and Order**- Page 6

would be covered by the insured's policy." *Hoyle v. Utica Mut. Ins. Co.*, 48 P.3d 1256, 1260-61 (Idaho 2002) (emphasis added).  An insurer is not required, however, to defend a lawsuit "because a complaint, with no covered claims, could potentially be amended to include covered claims." *Id*. at 1264.  But, an insurer's duty to defend may arise if the pleadings are later amended to include a covered claim.

      The Court is persuaded by St. Paul's argument that the Commission Exclusion focuses on "loss" and not "damages."  The Policy provides that St. Paul "won't cover loss that results ...from commissions..."  As long as the underlying complaint alleges losses resulting from commissions or fees there is no potential coverage.  The Blough Amended Complaint alleges losses resulting from Holland's practice of charging commission on the lot and home rather than the lot alone.  It is from this conduct that the Bloughs allege that they have been "damaged."  The question of whether the claims in the Blough Amended Complaint may reveal a potential for liability under the Policy, including unspecified damages, can be analyzed at the summary judgment stage.  This issue may be addressed without further discovery into the type of unspecified "damage" the Bloughs allege they suffered because the type of losses they say they have incurred are either set forth by the allegations of the Blough Amended Complaint or they are not.  If the Blough Amended Complaint alleges losses that are *not* covered by Commission Exclusion portion of the policy, then arguably a duty to defend exists.  At this time, however, allowing Holland to conduct discovery and go behind the allegations in the Blough Amended Complaint for the purpose of identifying the unspecified type of damages sought by the Bloughs would not be essential to resist St. Paul's motion for summary judgment.

**Memorandum Decision and Order**- **Page 7**

  (2) <u>Discovery regarding any ambiguity as to the anti-trust laws exclusion and ICPA damages</u>.

Holland argues that the anti-trust exclusion in the Policy does not cover the Bloughs' ICPA claims. Def.'s Reply Mem. Supp. Rule 56(f) Mot., at 5, Docket No. 19. Holland also argues that the Policy is ambiguous concerning whether the Bloughs' ICPA claims are excluded. *Id*.

The Idaho Supreme Court has held that "a[n] [insurance] policy provision is ambiguous if it is reasonably subject to different interpretations." *Purdy v. Farmers Ins. Co. of Idaho*, 65 P.3d 184, 186-87 (Idaho 2003). "When determining whether a particular provision is ambiguous, the provision must be read within the context in which it occurs *in the policy*." *Purvis v. Progressive Cas. Ins. Co.*, 127 P.3d 116, 119 (Idaho 2005) (emphasis added). Because the ambiguity of the anti-trust exclusion will be determined by the language in the Policy, discovery by Holland concerning its meaning through extrinsic evidence is not essential to resist St. Paul's motion for summary judgment.

Holland also seeks its continuance to conduct discovery to develop its theory that the anti-trust law exclusion should be read in its favor. Def.'s Reply Mem. Supp. Rule 56(f) Mot., at 5, Docket No. 19. It asserts that when insurance contract language is ambiguous, the interpretation becomes a question of fact focusing on the intent of the parties. Def.'s Reply Mem. Supp. Rule 56(f) Mot., at 5, Docket No. 19 (citing *Moss v. Mid-America Fire and Marine Ins.*, 647 P.2d 754, 756 (Idaho 1982)). Contrary to Holland's position, the Idaho Supreme Court has held that "where the [insurance] policy is deemed ambiguous (i.e., is 'reasonably subject to conflicting interpretations'), ambiguities will be *resolved against the insurer*." *Purvis*, 127 P.3d at 119 (alteration in original) (emphasis added); *see also Moss*, 467 P.2d at 757 ("Where

**Memorandum Decision and Order**- **Page 8**

[insurance policy] language may be given two meanings, one of which permits recovery and the other does not, it is to be given the construction most favorable to the insured.") (alteration in original). Thus, the violation of anti-trust exclusion will permit recovery to Holland if it is found ambiguous under Idaho law and discovery is not essential for Holland to develop a theory that the exclusion should be read in its favor.

(3)     Reimbursement letter ambiguity.

Holland contends that St. Paul's reservation of rights letter improperly seeks to create a right of reimbursement for defense costs that was not present in the Policy. Def.'s Reply Mem. Supp. Rule 56(f) Mot., at 8, Docket No. 19. As St. Paul notes, however, the reservation of rights letter merely informs Holland that St. Paul has reserved its rights to seek reimbursement on defense costs incurred if the district court determines that it has no duty to defend Holland in the Blough Litigation. *See* Pl.'s Resp. Def.'s Rule 56(f) Mot., at 11, Docket No. 18. The Idaho Supreme Court has held that "coverage defenses may be properly preserved by a reservation of rights agreement." *Mutual of Enumclaw v. Harvey*, 772 P.2d 216, 220 (Idaho 1989). Thus, the reservation of rights letter merely preserved St. Paul's coverage defenses for its declaratory action against Holland after it agreed to pay the costs of Holland's defense in the Blough Litigation.

Holland also argues that the reservation of rights letter is ambiguous because it contains internal conflicts. Def.'s Reply Mem. Supp. Rule 56(f) Mot., at 9, Docket No. 19. St. Paul wrote that it "specifically reserves any and all of its rights to recover from Holland any amounts it pays by way of defense, settlement, and judgment in this matter should it be determined that there is no coverage." Schultz Aff., at 7-8, Ex. A, Docket No. 11-4. Holland contends that this

**Memorandum Decision and Order- Page 9**

provision is inconsistent with the provision providing that "St. Paul will pay the reasonable and necessary costs of the defense until such a time as a determination is made that St. Paul has no duty to defend the Litigation." *Id*. at 8.  It argues that the second provision was a recognition by St. Paul of its duty to defend Holland.  Def.'s Reply Mem. Supp. Rule 56(f) Mot., at 9, Docket no. 19.

After reviewing the reservation of rights letter, this Court finds no basis to Holland's contention that St. Paul recognized that it had a duty to defend Holland.  In addition to the provisions cited by Holland, the reservation of rights letter states that "St. Paul has *agreed to defend* this matter under a full and complete reservation and non-waiver of its rights to deny or otherwise limit coverage for amounts Holland may be legally obligated to pay by judgment or settlement."  Schultz Aff., at 7, Ex. A, Docket No. 11-4 (emphasis added).  The terms of this agreement clearly put Holland on notice that St. Paul was providing its defense in the Blough Litigation subject to the terms of the Policy.

As stated above, an insurer's "duty to defend arises upon the filing of a complaint whose allegations, in whole or in part, read broadly, reveal a potential for liability that would be covered by the insured's policy."  *Hoyle*, 48 P.3d at 1260-61.  Even where an *arguable* potential for liability exists under the policy, the insurer must immediately step in and defend the suit.  *Id*. at 1261.  Although an insurer may seek declaratory relief to determine whether the insurance policy provides an exclusion for noncoverage, "this does not abrogate the necessity of defending the lawsuit until a determination of noncoverage is made."  *Id*. at 1260 (quoting *Kootenai County v. Western Casualty and Surety Co.*, 750 P.2d 87, 89-90 (Idaho 1988).

In this case, St. Paul agreed to defend Holland subject to its reservation of rights letter.

**Memorandum Decision and Order- Page 10**

Schultz Aff., Ex. A, Docket No. 11-4.  It later filed for a declaratory judgment to determine if it had a duty to defend Holland in the Blough Litigation.  Compl., Docket No. 1.  The determination of St. Paul's duty to defend Holland in the Blough Litigation and ultimate effect of the reservation of rights letter on defense costs already paid should be made by the district court on summary judgment.  Therefore, Holland's request for discovery concerning how St. Paul may have interpreted the language in the reservation of rights letter is not essential to resist St. Paul's motion for summary judgment.  The letter says what it says, and the first level of inquiry is whether the language is in fact ambiguous, and if for some reason it is determined to be ambiguous, additional inquiries may be necessary.

## IV.
## Conclusion

Although Rule 56(f) motions are generally freely granted where discovery has not taken place, courts may deny them where the proposed discovery would be futile.  *Burlington*, 323 F.3d at 773-74.  This Court has reviewed the parties' briefs and concludes that the discovery proposed by Holland is not relevant to the issues to be determined in the pending motion for summary judgment and to allow additional time for discovery would be futile.

### ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

1)   Holland's Motion for Rule 56(f) Continuance to Allow for Discovery (Docket No. 13) is hereby DENIED.



DATED: April 7, 2008

_____
Honorable Mikel H. Williams
United States Magistrate Judge

**Memorandum Decision and Order- Page 12**